## **AFFIDAVIT**

I, Lee R. Stalnaker, Special Agent (SA), Federal Bureau of Investigation (FBI), Youngstown, Ohio, hereinafter referred to as the Affiant, being duly sworn, state that:

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. Section 2516.

2. I have been employed by the FBI for approximately two years and have been assigned to the Cleveland Division, Youngstown Resident Agency, since December, 2017. During this time, I have been assigned investigative responsibilities in the area of general criminal matters, which include bank robberies, firearm and drug violations. From 2014 to 2017, I was employed as a United States Secret Service Officer and stationed at the White House. I specialized, among many things, in force protection and identification.

3. I have been involved in numerous narcotics-related arrests, have executed search warrants which resulted in the seizure of narcotics or dangerous drugs, and have supervised the activities of numerous informants and cooperating witnesses who have provided information and assistance resulting in drug buys, searches, arrests and convictions. Based on the above experience, I am familiar with the *modus operandi* of persons involved in the illicit distribution of controlled substances, as well as the terminology used by persons involved in the illicit distribution of controlled substances. I am aware that persons involved in the illicit distribution of controlled substances nearly always attempt to conceal their identities and the locations at which drug transactions take place. I know that individuals engaged in organized drug distribution and sales

1

often maintain records of those sales and also maintain extensive contacts with persons from whom they receive drugs and to whom they distribute drugs. It is likewise essential that such organized groups meet to formulate plans concerning narcotics or other illegal activities, and to divide their illegal proceeds.

4. As a result of my personal participation in this investigation and reports made to me by other Special Agents and Task Force Officers of the FBI, officers of the Youngstown Police Department, members of the Mahoning Valley Law Enforcement Task Force (MVLETF)[1], Mahoning Valley Violent Crimes Task Force (MVVCTF)[2], other law enforcement officers, witnesses and reliable confidential sources, I am familiar with the circumstances and offenses described in this affidavit. On the basis of this familiarity, I allege the facts contained in this Affidavit show that there is probable cause to believe that **KOREY K. MOODY** committed the following violations of Title 21, United States Code, Section 841(a)(1), that is, the Possession with Intent to Distribute a Controlled Substance.

## BASIS OF INFORMATION

5. Except as otherwise noted, the information set forth in this Affidavit has been provided to Affiant by FBI agents; the Mahoning Valley Law Enforcement Task Force; the Youngstown, Ohio Police Department; or other law enforcement officers or agents. Unless otherwise noted, whenever in this Affidavit Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or

---

[1] The Mahoning Valley Law Enforcement Task Force (MVLETF) is a Task Force based in Youngstown, Ohio. The MVLETF is comprised of local law enforcement officers from the Mahoning County, Ohio area along with Special Agents of the FBI.
[2] The Mahoning Valley Violent Crimes Task Force (MVVCTF) is a Safe Street and Gang Unit FBI sponsored initiative based in Youngstown, Ohio.

hearsay knowledge of the statement) to whom Affiant has spoken or whose report Affiant has read and reviewed. Likewise, information resulting from physical surveillance, except where otherwise indicated, does not necessarily set forth Affiant's observations, but rather has been provided directly or indirectly through the FBI, Mahoning Valley Law Enforcement Task Force, Youngstown Police Department; or other law enforcement officers who conducted such surveillance. Any information pertaining to vehicles and/or registrations, personal data on subjects or record checks has been obtained through the Law Enforcement Automated Data System (LEADS) from the State of Ohio or the National Crime Information Center (NCIC) computers by members herein described.

6. Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to him concerning the investigation. I have only set forth the facts he believes are necessary to establish the foundation for the requested arrest warrants.

## BACKGROUND AND PROBABLE CAUSE

7. On December 12, 2019, at approximately 3:45 p.m., a Ohio State Highway Patrol (OSP) officer stopped a 2016 Dodge Durango, black in color, bearing Ohio registration J943943, for traffic violations, including a lane violation and window tint.

8. The traffic stop occurred on Interstate Route 80, on the exit ramp at exit 218, in the Northern District of Ohio, Eastern Division.

9. The driver of the vehicle was identified as **KOREY K. MOODY**.

10. OSP made contact with **KOREY K. MOODY** and smelled a strong odor of marijuana emanating from the vehicle.

11. A subsequent search of the vehicle revealed 2 packages, each appearing to contain approximately one kilogram of a controlled substance consistent with the appearance of cocaine.

## CONCLUSION

Based on the foregoing information, there is probable cause to believe that **KOREY K. MOODY** did possess with intent to distribute a controlled substance in the Northern District of Ohio, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B).

SA Lee R. Stalnaker
Federal Bureau of Investigation

Sworn to and subscribed before me this 12th day of December, 2019.

George J. Lambert
U.S. Magistrate Judge